UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-22094-MORENO
      (12-CR-20594-MORENO)
MAGISTRATE JUDGE P. A. WHITE

ARMANDO PENA VALDEZ,          :

    Movant,                   :          REPORT OF
                                         MAGISTRATE JUDGE
v.                            :

UNITED STATES OF AMERICA,     :

    Respondent.               :
_____

## I. Introduction

This matter is before the Court on the movant's motion to vacate pursuant to 28 U.S.C. § 2255, attacking his sentence for conspiracy to possess with intent to distribute five kilograms of cocaine following a guilty plea in criminal case number 12-CR-20594-MORENO.

The Undersigned has reviewed the amended motion to vacate (Cv-DE# 12) and all pertinent portions of the underlying criminal file. No order to show cause has been issued because, on the face of the motion, it is evident movant is entitled to no relief. See Rule 4(b), Rules Governing Section 2255 Proceedings ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## II. Claim

Construing the *pro se* movant's arguments liberally, he appears to raise the following claim in his amended Section 2255 motion

1

(renumbered):

1. Counsel was ineffective for coercing him to plead guilty to a crime he did not commit;
2. Counsel failed to move to dismiss the frivolous criminal case; and
3. Counsel failed to request a judicial recommendation of no deportation, lesser charges, or no jail time.

(Cv-DE# 12).

### III. Procedural History

The relevant procedural history of the underlying criminal case is as follows. The movant was charged with: Count (1), conspiracy to possess with intent to distribute five kilograms or more of cocaine; and Count (2), attempt to possess with intent to distribute five kilograms or more of cocaine. (Cr-DE# 8).

He pled guilty to Count (1) on October 16, 2012, pursuant to a written plea agreement, in exchange for the Government's agreement to drop the remaining counts. (Cr-DE# 23). The guilty plea was supported by a written factual proffer. (Cr-DE# 22). The movant agreed that the Government could have proven, *inter alia*, that the movant traveled to Florida from New York, met with a confidential source, and agreed to purchase five kilograms of cocaine from the confidential source for $127,500, on behalf of his co-conspirators. The movant made a second trip to Florida during which he met with the confidential source and an undercover ICE agent. The movant produced $127,500 in currency and the undercover agent showed the movant a one-kilogram brick of cocaine. The movant took the brick and asked where the rest of it was. The undercover agent indicated that it was in his car. The movant accompanied him to his vehicle and was arrested as the undercover agent opened the trunk. The movant was advised of his rights, agreed to talk to law enforcement, and admitted that his co-conspirators offered him

$10,000 to travel to Florida and execute a cocaine purchase on their behalf. On December 20, 2012, the Court adjudicated the movant guilty and sentenced him to thirty-seven months' imprisonment followed by five years of supervised release. (Cr-DE# 30). He did not appeal.

The movant filed the original Section 2255 motion to vacate (Cv-DE# 1) in the instant case on May 26, 2015, and the amended motion to vacate (Cv-DE# 12) on June 26, 2015.[1]

### IV. Statute of Limitations

A one-year period of limitations applies to a motion under Section 2255. The one year period runs from the latest of:

(1) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;

(3) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2255(f).

---

[1] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

AEDPA's one-year limitations period is subject to equitable tolling. <u>Holland v. Florida</u>, 560 U.S. 631 (2010). Equitable tolling is available only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). It is the movant's burden to prove he exercised due diligence. <u>See</u> <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (in the context of equitable tolling); <u>Jefferson v. United States</u>, 730 F.3d 537, 544 (6th Cir. 2013) (in the context of Section 2255(f)(4)).

A court may also consider an untimely Section 2255 motion "if, by refusing to consider the [motion] for untimeliness, the court thereby would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." <u>San Martin v. McNeil</u>, 633 F.3d 1257, 1267-68 (11th Cir. 2011); <u>see</u> <u>McKay v. United States</u>, 657 F.3d 1190, 1196-97 (11th Cir. 2011). To make a sufficient showing of actual innocence, a petitioner must produce "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not present at trial." <u>Arthur v. Allen</u>, 452 F.3d 1234, 1245 (11th Cir. 2006); <u>see</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995).

The movant appears to claim that he was unable to file the motion to vacate sooner because he did not understand the relevant law until he began participating in a lawyer program at his current institution. (Cv-DE# 12 at 19).

A lack of legal knowledge and the unavailability of legal assistance are not extraordinary circumstances that would justify equitable tolling. See <u>Johnson v. United States</u>, 544 U.S. 295, 311

(2005)("the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness...."); Felder v. Johnson, 204 F.3d 168, 172-73 (5th Cir. 2000) (lack of legal knowledge is not an excuse for delay); Rivers v. United States, 416 F.3d 1319 (11th Cir. 2005) (lack of education is not an excuse for delay). Nor do his incarceration and *pro se* status excuse his untimely Section 2255 filing. See Johnson v. United States, 544 U.S. 295, 311 (2005)("the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness...."); Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004) (equitable tolling applies only in truly extraordinary circumstances and is typically applied sparingly); see e.g., United States v. Thomas, 2007 WL 624538 (N.D. Fla. Feb. 22, 2007) (prisoner status and the realities of incarceration are not extraordinary circumstances); Kalapp v. Crosby, 2005 WL 1345679 (M.D. Fla. June 6, 2005) (petitioner's complaints about ordinary circumstances faced by a *pro se* inmate in prison were not unusual or extraordinary).

The movant also appears to suggest that he is innocent of the relevant offense. Specifically, he alleges that the charges were frivolous and that he told his lawyer that he only went to meet someone whom he thought was selling cars. See (Cv-DE# 12 at 15, 17). These vague and conclusory allegations fail to establish that, in light of the evidence, it is more likely than not that no reasonable juror would have convicted him. See Bousley v. United States, 523 U.S. 614, 623 (1998); Schlup v. Delo, 513 U.S. 298, 327-28 (1995). Therefore, the actual innocence exception does not excuse his untimely Section 2255 filing.

The instant motion to vacate is untimely, the movant has failed to establish that any exception applies, and this action should therefore be dismissed with prejudice.

## VI. Evidentiary Hearing

The motion to vacate is time-barred and, accordingly, no evidentiary hearing is warranted. See generally Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006) (no hearing warranted in the absence of any specific factual proffer or evidentiary support); Peoples v. Campbell, 377 F.3d 1208 (11th Cir. 2004) (hearing is not required for frivolous claims, conclusory allegations unsupported by specifics, or contentions wholly unsupported by the record).

## VII. Certificate of Appealability

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2255, Rule 11(a). A timely notice of appeal must be filed even if the court issues a certificate of appealability. 28 U.S.C. § 2255, Rule 11(b).

After review of the record, the Undersigned finds no substantial showing of the denial of a constitutional right as to movant's claims. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (habeas petitioner must demonstrate reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues were

adequate to deserve encouragement to proceed further). Therefore, it is recommended that the Court deny a certificate of appealability in its final order. If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the District Judge in objections to this report.

### VIII. Conclusion

Based on the foregoing, it is recommended that the motion to vacate be dismissed with prejudice, a certificate of appealability not be issued, and this case be closed.

Objections to this report, including any objection with regards to the recommendation regarding the certificate of appealability, may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 6th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Armando Pena Valdez, *pro se*
     057138838
     Buffalo Federal Detention Facility
     Reg. No. 98328-004
     4250 Federal Drive
     Batavia, NY 14020

     United States Attorney